# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN DONALD TALLMAN,

                Plaintiff,

v.

MARATHON COUNTY TRANSPORT OFFICER, *sued as drivers and passenger*, SHERIFF SCOTT R. PARKS, and INVESTIGATION DIVISION CAPTAIN,

                Defendants.

Case No. 20-CV-160-JPS

**ORDER**

Plaintiff Dylan Donald Tallman proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff's initial partial filing fee was waived in this action, and Plaintiff has not notified the Court of his desire to voluntarily dismiss the case. The Court will therefore proceed with screening the action.[1]

The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a

---

[1] Plaintiff has filed a motion for a phone conference to discuss the motions, (Docket #8), which will be denied as moot since this order addresses Plaintiff's pending motions. Additionally, Plaintiff's motion for order to be housed at a different institution, (Docket #9), which discusses an issue with a hospital bill that Plaintiff was asked to pay, must be denied because the Court has no authority over an inmate's placement within the state prison system. *See Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985) ("[I]t is unseemly for federal courts to tell a state or city. . .how to run its prison system.").

governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on November 1, 2019, after an afternoon competency hearing, he left the Wausau courthouse via a Marathon County correctional facilities van. While on his way back to Dodge Correctional Institution, he found a tourniquet buckle and swallowed it. (Docket #1 at 2). It got stuck in his throat and he could not breath. The driver slammed on the brakes and forcefully removed Plaintiff from the van. A police car

Page 3 of 9
Case 2:20-cv-00160-JPS   Filed 05/04/20   Page 3 of 9   Document 10

pulled up behind the van and captured the exchange on a dashboard camera. The van driver angrily pushed Plaintiff into the back of the van, slammed him on his back, punched him in the face, and began strangling him and swearing at him. Plaintiff's air supply was cut off and his throat was injured. Nobody called an ambulance. Instead, one of the correctional officers, who was riding in the van and wearing a body camera, jumped on him and choked him as well. While the correctional officer choked him, the van driver explained the situation to the police in the car that had pulled up behind them.

Shortly thereafter, the van driver locked Plaintiff in the back of the van and drove him to the hospital. In the emergency room, an investigating officer took photographs of the strangulation marks on Plaintiff's neck and the injuries on his body. The investigating officer assured Plaintiff that the police car's dashboard camera had recorded the entire exchange. While Plaintiff was speaking to the investigating officer, the van driver yelled that if Plaintiff gave him any trouble, he would "hog tie [him] and drag [him] out of th[e] hospital." *Id.* at 3. Plaintiff explained that he did not want the van driver to take him back to Dodge Correctional Institution. Nevertheless, after Plaintiff's surgery to remove the metal tourniquet buckle from his throat, the investigating officer placed Plaintiff back in the van driver's care. The van driver maintained that his actions were attempts to save Plaintiff's life. Plaintiff believes the van driver wanted to kill him and make it look like a suicide attempt.

Plaintiff seeks to proceed on an Eighth Amendment right to medical care claim.[2] Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Plaintiff also seeks to proceed on an excessive force claim. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). Moreover, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9.

Finally, Plaintiff asks to proceed on negligence claims. "[I]n Wisconsin, an inmate has a claim against a prison employee who

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Although he is being held at a prison, he claims he has not been charged yet with any crimes because he is not competent to stand trial. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment, and will analyze the claims under that standard. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018).

negligently fails to obtain medical attention for the inmate and that failure causes the inmate to sustain a serious illness or injury." *Brownelli v. McCaughtry*, 514 N.W.2d 48, 50–51 (Wis. 1994). Additionally, the Restatement notes that, "[o]ne who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection . . .[owes] a duty to the other." Restatement (Second) of Torts § 314A(4) (discussing the duty of a jailer); *Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 898–99 (E.D. Wis. 2006) (evaluating a wrongful death claim and noting that "[c]ounty corrections officers clearly had a duty to protect [the inmate] from threats to his safety by virtue of the fact that he was in their custody.").

Although the Court has serious doubts about the veracity of some of these allegations—particularly that Plaintiff was able to have a conversation with the investigating officer while a tourniquet buckle was stuck in his throat—that does not necessarily mean that some of the alleged abuses did not occur, and the Court is obliged to construe the pleading in Plaintiff's favor. Plaintiff has sufficiently stated claims for deliberate indifference and excessive force in violation of the Eighth Amendment against the van driver and the correctional officer. Plaintiff has also alleged a claim of negligence against the van driver and the correctional officer for failing to promptly seek medical attention. Finally, Plaintiff has stated a claim of negligence against the investigating officer at the hospital, who sent Plaintiff back to Dodge Correctional Institution in the care of the original, violent van driver.

Defendants may move to dismiss the negligence claims if Plaintiff did not comply with Wisconsin's notice of pleading statute. Wis. Stat. § 893.82(3). Additionally, Plaintiff should identify the Marathon County

Transport Officer (the van driver) and the Investigation Division Captain (the investigating officer), as well as the unidentified correctional officer, as soon as he is able to do so. Sheriff Scott R. Parks will remain in the case in order to assist with the identification of the van driver, the correctional officer, and the investigating officer, since it appears from the complaint that these individuals are employed by Marathon County, rather than Dodge Correctional Institution. Once these defendants are identified, Sheriff Scott R. Parks will be dismissed from the action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a phone conference to discuss the motions (Docket #8) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to be housed at a different institution (Docket #9) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals

Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge